# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| EAST INLET PARTNERS, LLC and<br>TYLER BEAUREGARD,<br><br>        Plaintiffs,<br><br>vs.<br><br>GTT COMMUNICATIONS, INC.,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:17-cv-03043-DCN<br><br>**ORDER** |

The following matter is before the court on defendant GTT Communications Inc.'s ("GTT") motion to change venue, ECF No. 5. For the reasons set forth below, the court transfers the action to the Southern District of New York pursuant to the forum-selection clause.

## I. BACKGROUND

Tyler Beauregard is the sole owner and member of East Inlet Partners LLC. Plaintiffs East Inlet Partners LLC and Beauregard (collectively, plaintiffs) entered into a contract titled "Agent Agreement" with Perseus Telecom USA, LLC in November 3, 2016. The Agent Agreement allowed Beauregard to serve as an independent contractor to conduct sales of Perseus products, and created a compensation structure that included the payment of commissions. On June 20, 2017, Perseus was sold to GTT. As a condition of the sale, GTT assumed all "contracts, agreements, and liabilities of Perseus." Soon after the sale, GTT terminated the Agent Agreement with plaintiffs. Plaintiffs have now brought a breach of contract claim against GTT for the alleged breach of an "Agent Agreement" that was entered into by the parties. Plaintiffs request actual and

compensatory damages, costs, and "any further relief" related to this breach of contract action.

The Agent Agreement includes a section titled "Governing Law/Jurisdiction/Venue" that states:

> This Agreement shall be governed, interpreted, and enforced by the laws of the State of New York, without giving effect to conflict of law principles. Each party submits to the exclusive jurisdiction of any state or federal court located in the City of New York over any suit, action or proceeding arising out of or relating to or concerning this Agreement.

ECF No. 5, Ex. 2, Agent Agreement.

On November 16, 2017, GTT filed a motion to change venue, arguing that the Agent Agreement has a forum-selection clause and so this court should transfer the case to the Southern District of New York. ECF No. 5. Plaintiffs filed a response on November 30, 2017, ECF No. 7, and GTT replied on December 7, 2017, ECF No. 9. The motion has been fully briefed and is now ripe for the court's review.

## II. STANDARD

"Federal law governs a district court's decision to enforce or not enforce a forum selection clause." Scott v. Guardsmark Sec., 874 F. Supp. 117, 120 (D.S.C. 1995) (citing Stewart Org. v. Ricoh Corp., 487 U.S. 22 (1988)). "Under federal law, a forum selection clause is prima facie valid and enforceable when it is the result of an arm's length transaction by sophisticated business entities absent some compelling and countervailing reason." SeaCast of Carolinas, Inc. v. Premise Networks, Inc., 2009 WL 5214314, at *2 (D.S.C. Dec. 28, 2009) (citing Atlantic Floor Servs., Inc. v. Wal–Mart Stores, Inc., 334 F. Supp. 2d 875, 877 (D.S.C. 2004)). When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified

in that clause. Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Tex., 134 S. Ct. 568, 581 (2013).

A court should enforce a forum-selection clause unless the party opposing enforcement establishes that enforcement is "unreasonable" under the circumstances. SeaCast, 2009 WL 5214314 at *2 (citing Atlantic Floor, 334 F. Supp. 2d at 877). Forum-selection clauses may be considered unreasonable if: (1) their formation was induced by fraud or overreaching; (2) the complaining party will essentially be deprived of his day in court because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) their enforcement would contravene a strong public policy of the forum state. Id. (citing Atlantic Floor, 334 F. Supp. 2d at 877).

### III. DISCUSSION

The Agent Agreement includes a section titled "Governing Law/Jurisdiction/Venue" that states:

> This Agreement shall be governed, interpreted, and enforced by the laws of the State of New York, without giving effect to conflict of law principles. Each party <u>submits to the exclusive jurisdiction of any state or federal court located in the City of New York over any suit, action or proceeding arising out of or relating to or concerning this Agreement</u>.

ECF No. 5, Ex. 2, Agent Agreement (emphasis added). The dispute in this case turns on whether the forum-selection clause in the Agent Agreement is valid and enforceable. As explained below, the court finds that it is.

Plaintiffs' sole argument regarding the forum selection clause is that the forum selection clause is invalid and unenforceable because a contract for personal services

3

cannot be assigned. ECF No. 7 at 2. Plaintiffs contend that GTT is not a party to the Agent Agreement, and so GTT cannot now enforce the forum-selection clause in the Agent Agreement. Id. GTT rebuts that to accept plaintiffs' argument that the Agent Agreement is invalid undermines the only claim that plaintiffs are bringing—that GTT has breached the Agent Agreement. ECF No. 9 at 2.

The Agent Agreement states that New York law applies. New York law employs an exception to the general rule of assignability of contracts when the contract is for "personal services." In re Compass Van & Storage Corp., 65 B.R. 1007, 1010 (Bankr. E.D.N.Y. 1986) ("The nonassignability imprint of personal service contracts is firmly established New York law."). The Agent Assignment includes a section under the "Assignment" header that states "[a]gent acknowledges that the services to be rendered by Agent are unique and personal." Id. While this section does operate to bind plaintiffs from transferring its obligations to other parties without Perseus's prior written consent, it also confirms that this is a personal services contract. However, even a personal services contract may be assigned if the contract provides for assignment. Preferred Oncology Networks of America, Inc. v. Bottino, 1997 WL 305253, at *2 (S.D.N.Y. 1997) ("Defendants represent to this Court that New York law does not recognize assignment of an obligation to provide personal services, yet neglect to inform the court that this prohibition is inapplicable when the parties expressly provide for assignability."). Here, it is clear the parties contemplated possible assignment when entering into the agreement. Indeed, a review of the Agent Agreement reveals that it also includes a section under the "Assignment" header stating "[t[he rights and obligations of Perseus under this Agreement shall inure to the benefit of and shall be binding upon the successors and

assigns of Perseus." ECF No. 5, Ex. 2, Agent Agreement (emphasis added). This binds GTT to the Agent Agreement as a successor of Perseus, and puts plaintiffs on notice that the Agent Agreement provides for the assignment of the contract to successors of Perseus—in this case, GTT. Indeed, Beauregard states in the complaint that even after the Perseus acquisition, when he was informed that GTT was terminating the Agent Agreement, he submitted his invoices for compensation and expenses to GTT in the same manner as he did when he was an agent of Perseus. Compl. ¶ 10–14. It was only after GTT did not pay Beauregard the commission he believed he was due that he brought this suit for breach of contract. Beauregard's behavior, of continuing to interact with GTT and submit invoices for services, indicates that Beauregard consented to the assignment of the Agent Agreement. Given the language of the Agent Agreement and Beauregard's actions, the forum selection clause is valid.[1]

Ordinarily, a plaintiff's choice of forum "will not be disturbed lightly; a defendant has a heavy burden when it moves to transfer a venue properly selected by the plaintiff." Blevins v. Pension Plan for Roanoke Plant Hourly Employees of ITT Indus. Night Vision, 2011 WL 2670590, at *6 (D.S.C. July 8, 2011) (quoting Sw. Equip., Inc. v. Stoner & Co., 2010 WL 4484012, at *2 (D.S.C. Nov. 1, 2010)). However, this rule is not the case when a forum selection clause governs. "In the typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion . . . must evaluate both the convenience of the parties and various other public-interest considerations."

---

[1] Furthermore, to accept the argument that the Agent Agreement, and thus its forum selection clause, is invalid would undermine the plaintiffs' breach of contract claim entirely. Certainly, a breach of contract claim cannot be levied against an invalid contract—one of the elements of a breach of contract claim is that there exists a valid contract.

Atlantic Marine, 134 S. Ct. at 581.  The calculus changes, however, "when the parties' contract contains a valid forum-selection clause, which 'represents the parties' agreement as to the most proper forum.'"  Id. (citing Stewart, 487 U.S. at 31).  Specifically the court's analysis changes in three ways:  (1) "the plaintiff's choice of forum merits no weight[,]" and the plaintiff "bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted";  (2) the court "should not consider arguments based on the parties' private interests" and "may consider arguments about public-interest factors only"; and (3) "when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules."  Id. at 581–82.

Plaintiffs' argument challenging transfer is unavailing.  Plaintiffs and GTT entered into a valid forum-selection agreement under which any dispute arising out of the contract must be resolved in New York City.  Having disposed of the argument that the Agent Agreement itself is rendered invalid because it was a personal services contract assigned to GTT, there is no indication that the clause is unreasonable or that it was not the "result of an arm's length transaction by sophisticated business entities" and is therefore prima facie valid "absent some compelling and countervailing reason." SeaCast, 2009 WL 5214314, at *2.  Plaintiffs failed to provide any reasons why the transfer is unwarranted, and the court is unaware of any public-interest factors that would weigh in favor of venue in this court.  Therefore, the court transfers venue to the Southern District of New York pursuant to section 1404(a) and in accordance with the forum-selection clause.

## IV.  CONCLUSION

For the reasons set forth above, the court **GRANTS** GTT's motion to transfer venue, and transfers the case to the Southern District of New York.

**AND IT IS SO ORDERED**.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**February 1, 2018**
**Charleston, South Carolina**